1

2

3

4                           IN THE UNITED STATES DISTRICT COURT

5                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                    Case No.  12-cr-00678-MMC-2

                    Plaintiff,
8
                                                  **ORDER DENYING DEFENDANT'S**
9           v.                                    **MOTION TO RECONSIDER**
                                                  **MODIFICATION OF IMPOSED TERM**
10   DEREK F.C. ELLIOTT,                           **OF IMPRISONMENT**

                    Defendant.
11

12

13

14          By indictment filed September 18, 2012, the government alleged defendant Derek

15   F.C. Elliott ("Elliott") had committed mail fraud in connection with a scheme to defraud

16   investors in a resort located in the Dominican Republic.  On August 27, 2014, Elliott

17   pleaded guilty to Count 1 of the indictment.  (See Plea Agreement, filed August 27, 2014,

18   ¶ 1.)  On November 6, 2019, and November 20, 2019, the Court conducted a two-day

19   sentencing hearing, and, on November 20, 2019, sentenced Elliott to a 24-month term of

20   imprisonment.  On December 19, 2019, judgment was entered, imposing said term of

21   imprisonment.[1]

22          On April 4, 2020, Elliott filed a "Motion for Modification of Imposed Term of

23   Imprisonment" ("Initial Motion"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), whereby he

24   sought an order modifying his prison term to one of home confinement.  By order filed

25   May 11, 2020 ("May 11 Order"), the Court denied Elliott's Initial Motion.  Now before the

26

27          _____

28          [1] On September 30, 2020, an Amended Judgment was filed for the purposes of
     reflecting the Court's findings regarding restitution.

United States District Court
Northern District of California

1   Court is Elliott's "Motion to Reconsider Modification of Imposed Term of Imprisonment,"

2   filed September 11, 2020.  The government has filed a Statement of Non-Opposition.

3   Thirty-three victims of the scheme for which Elliott was convicted have submitted

4   statements opposing the motion, to which statements Elliott did not reply.  Having read

5   and considered the papers filed in support of and in opposition to the motion for

6   reconsideration, the Court rules as follows.

7        18 U.S.C. § 3582(c) provides as follows:

8       The court may not modify a term of imprisonment once it has been imposed
         except that –

9

       (1) in any case –

10

          (A) the court, upon motion of the Director of the Bureau of Prisons, or
11    upon motion of the defendant after the defendant has fully exhausted all
       administrative rights to appeal a failure of the Bureau of Prisons to bring a
12    motion on the defendant's behalf or the lapse of 30 days from the receipt of
       such a request by the warden of the defendant's facility, whichever is
13    earlier, may reduce the term of imprisonment (and may impose a term of
       probation or supervised release with or without conditions that does not
14    exceed the unserved portion of the original term of imprisonment), after
       considering the factors set forth in section 3553(a) to the extent that they
15    are applicable, if it finds that –

16           (i) extraordinary and compelling reasons warrant such a
       reduction . . .

17

         and that such a reduction is consistent with applicable policy
18    statements issued by the Sentencing Commission . . . .

19   <u>See</u> 18 U.S.C. § 3582(c).

20        In its order denying his Initial Motion, the Court found Elliott was not entitled to the

21   relief sought, on two separate grounds:  (1) he was not in the custody of the Bureau of

22   Prisons ("BOP") at the time the motion was filed and (2) he failed to show the requisite

23   extraordinary and compelling reasons warranting such relief.  In bringing the instant

24   motion, Elliott has failed to address in any manner the first of those two grounds,

25   specifically, that, at the time he filed the Initial Motion, he was not in the custody of the

26   BOP, a status that continues to exist as of today's date.  To bring a motion to "reduce" a

27   sentence under § 3582(c)(1)(A), often referred to as a motion for "compassionate

28   release," <u>see</u>, <u>e.g.</u>, <u>United States v. Alam</u>, 960 F.3d 831, 832 (6th Cir. 2020), the

1    defendant must be in a position to be released, i.e., in custody, see id. at 835 (citing

2    § 3582(c)(1)(A); noting "Congress gave inmates an option to seek early release").  Here,

3    as set forth above and in the Court's May 11 Order, Elliott has never served any part of

4    his term of imprisonment.

5         Accordingly, for this reason alone, Elliott's motion for reconsideration will be

6    denied.  See, e.g., United States v. Jordan, 2020 WL 4195353, at *3 (S.D. N.Y. July 16,

7    2020) (denying as premature motion for relief under § 3582(c)(1)(A)(i) where defendant

8    had not begun serving term of imprisonment); United States v. Spruill, 2020 WL 2113621,

9    at *3 (D. Conn. May 4, 2020) (same).

10        The Court next turns to the second ground on which the Court's denial of the Initial

11   Motion was based, namely, Elliott's failure to identify any "extraordinary and compelling

12   reasons" warranting relief.  See 18 U.S.C. § 3582(c)(1)(A)(i).  In his Initial Motion, Elliott

13   asserted such reasons existed in light of the "worsening global pandemic" (see Initial

14   Motion at 8:7-8), the BOP's designation of Elliott to an institution "already incubating the

15   disease" (see id. at 11:3-4), and the BOP's designation of his co-defendant, James

16   Catledge ("Catledge"), to a facility that has a "host of prison services" unavailable at

17   Elliott's designated facility and that houses less "violent" prisoners than those housed in

18   the type of prison to which Elliott has been designated (see id. at 15:2-21).

19        In the instant motion, in addition to the above, Elliott contends circumstances

20   occurring after issuance of the May 11 Order warrant a finding that Elliott, when

21   compared to Catledge, will be subjected to an "unjustified sentence disparity."  (See

22   Def.'s Mot. for Reconsid. at 5:6, 8:1.)  In particular, Elliott relies on the BOP's having

23   released Catledge from custody after Catledge had served only thirteen months of his

24   sixty-month term of imprisonment, and the fact that Catledge is now serving the

25   //

26   //

27   //

28   //

3

1    remainder of his sentence in home confinement.[2]

2         In support of his argument, Elliott relies on 18 U.S.C. § 3553, which provides that a

3    court, "in determining the particular sentence to be imposed," see 18 U.S.C. § 3553(a),

4    must consider "the need to avoid unwarranted sentencing disparities among defendants

5    with similar records who have been found guilty of similar conduct," see 18 U.S.C.

6    § 3553(a)(6).  The disparity on which Elliott relies, however, is not a "sentencing

7    disparity," see id., but, rather, a post-sentencing disparity, and in this instance moreover,

8    one resulting from a determination made by the BOP, not the Court.

9         Accordingly, for this additional reason as well, Elliott's motion for reconsideration

10   will be denied.

11        Lastly, although a question exists as to whether "policy statements issued by the

12   Sentencing Commission," see 18 U.S.C. § 3582(c)(1)(A), are binding on district courts

13   where a § 3582(c) motion is brought by a defendant rather than the BOP, such

14   statements may be considered as instructive.  In particular, the Sentencing Commission

15   has enumerated various circumstances constituting "extraordinary and compelling

16   reasons" sufficient to warrant a reduced sentence, see U.S.S.G. § 1B1.13 cmt n.1, each

17   of which relates to the defendant's health, age, or family circumstances.  See id.  A

18   determination by the BOP as to the manner in which Elliott is likely to serve his sentence,

19   as compared with any determination made by the BOP as to Catledge, does not fit within

20   any category of extraordinary and compelling reasons identified by the Sentencing

21   Commission, and, indeed, bears no resemblance to any of those circumstances.

22   //

23

24        _____

          [2] It appears the BOP, in releasing Catledge without seeking court approval, relied
25   on a provision in the CARES Act, under which, during the COVID-19 pandemic, "the
     Director of the [BOP] may lengthen the maximum amount of time for which the Director is
26   authorized to place a prisoner in home confinement under the first sentence of section
     3624(c)(2) of title 18, United States Code, as the Director determines appropriate."  See
27   Coronavirus Aid, Relief, and Economic Security Act, § 12003(b)(2), Pub. L. No. 116-136,
     134 Stat. 281 (March 27, 2020); see also 18 U.S.C. § 3624(c)(2) (providing BOP may
28   "place a prisoner in home confinement" for no more than "six months").

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, Elliott's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2020

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

5